UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD S. WILCZYNSKI, et al.,** | : Civil Action No.: 12-4335 (MAS) |
| **Plaintiffs,** | : |
| v. | : **MEMORANDUM OPINION** |
| | : **AND ORDER** |
| **PETER M. REDLING, et al.** | : |
| **Defendants.** | : |

This matter comes before the Court on a Motion by Plaintiffs entitled "Motion to Dismiss Answer and Counterclaim of Defendants" [dkt. no. 36]. Defendants have opposed this Motion [dkt. no. 41]. After reviewing the Parties' submissions, the Court finds that Plaintiffs' Motion is more appropriately decided as a Motion for sanctions pursuant to Federal Rule of Civil Procedure 16. For the reasons specified below, Plaintiffs' Motion is **DENIED**.

**I.   LEGAL STANDARD**

Federal Rule of Civil Procedure 16(f) provides:

(f) SANCTIONS.

    (1)    In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:

        (A)    fails to appear at a scheduling or other pretrial conference;

        (B)    is substantially unprepared to participate—or does not participate in good faith—in the conference; or

        (C)    fails to obey a scheduling or other pretrial order.

    (2)    Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any

> noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

## II. DISCUSSION

Plaintiffs' filed their Motion on September 26, 2013, but in the intervening months this matter has progressed with the participation of all Parties. Specifically, the Court entered an Amended Scheduling Order on October 3, 2013 [dkt. no. 40] and a Pretrial Scheduling Order on November 21, 2013 [dkt. no. 43]. Subsequently, the Parties consented to an Amended Scheduling Order, which extended the time for Defendants to complete discovery [dkt. no. 50]. Thereafter, the Court granted Plaintiffs' Motion to file a Second Amended Complaint on December 30, 2013 [dkt. no. 51] and entered a Pretrial Scheduling Order on January 15, 2014 [dkt. no. 54]. Defendants filed an Answer to the Second Amended Complaint on January 21, 2014 [dkt. no. 55]. On March 19, 2014, counsel participated in a conference call with the Court, during which the Court reiterated that the Final Pretrial Conference will occur on April 28, 2014. Finally, U.S. District Judge Michael A. Shipp has set this matter for trial beginning on June 2, 2014.

At the time Plaintiffs filed their Motion for Sanctions, they argued that Defendants had been inexcusably inactive in this matter. Yet, as illustrated above, this matter has moved forward since the filing of Plaintiffs' Motion, and Defendants have contributed to this progression. Accordingly, the Court finds that although Plaintiffs were justifiably frustrated by Defendants' lack of responsiveness during earlier stages of this litigation, there is no basis for the imposition of sanctions against Defendants.

## III. CONCLUSION AND ORDER

The Court having considered the papers submitted and the opposition thereto, and for the reasons set forth above;

**IT IS** on this 21st day of March, 2014,

**ORDERED** that Plaintiff's "Motion to Dismiss Answer and Counterclaim of Defendants" [dkt. no. 36], more appropriately viewed as a Motion for Sanctions, is **DENIED**.

<u>s/ Douglas E. Arpert</u>
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**