<u>Not for Publication</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RONALD S. WILCZYNSKI, *et al.*, | : |
| Plaintiffs, | : |
| v. | : |
| PETER M. REDLING, *et al.*, | : |
| Defendants. | : |

Civil Action No. 12-4335 (MAS) (DEA)

**MEMORANDUM ORDER**

<u>SHIPP, District Judge</u>

Presently before the Court is Plaintiffs' motion for summary judgment pursuant to Federal

Rule of Civil Procedure ("Rule") 56. (Pls.' Mot., ECF No. 58.) Defendants filed opposition to the

motion and a cross-motion for summary judgment on Plaintiffs' breach of fiduciary duty claim.

(Defs.' Opp'n, ECF No. 68.) Plaintiffs filed a reply. (Pls.' Reply, ECF No. 69.) The Court has

carefully considered the parties' submissions and has decided the matter without oral argument

pursuant to Local Civil Rule 78.1.

## I. <u>DISCUSSION</u>

The underlying factual allegations are set forth in the pleadings and will not be repeated

herein. Summary judgment is appropriate if the record shows "that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A district court considers the facts drawn from the "materials in the record, including

depositions, documents, electronically stored information, affidavits . . . or other materials" and

must "view the inferences to be drawn from the underlying facts in the light most favorable to the

party opposing the motion." Fed. R. Civ. P. 56(c)(1)(A); *Curley v. Klem*, 298 F.3d 271, 276-77

(3d Cir. 2002) (internal quotations omitted). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986).

A.      Plaintiffs' Securities Fraud Claim

Plaintiffs failed to demonstrate that they are entitled to summary judgment on their securities fraud claim. In order to succeed on a claim arising under Section 10(b) of the Securities Exchange Act (15 U.S.C. § 78j), a plaintiff must demonstrate that: "(1) the defendant made a materially false or misleading statement or omitted to state a material fact necessary to make a statement not misleading; (2) the defendant acted with scienter; and (3) the plaintiff's reliance on the defendant's misstatement caused him or her injury." *In re Merck & Co. Sec. Litig.*, 432 F.3d 261, 268 (3d Cir. 2005) (quoting *Cal. Pub. Emps. Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004)).

A plaintiff may establish scienter by demonstrating:

a mental state embracing intent to deceive, manipulate or defraud . . . or, at a minimum, highly unreasonable (conduct), involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, . . . which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it.

*In re Ikon Office Solutions, Inc.*, 277 F.3d 658, 667 (3d Cir. 2002) (internal quotations and citations omitted). Notably, "a determination of whether a party acted with scienter, intertwined as it may be with an assessment of witness credibility, often cannot be undertaken appropriately on summary judgment proceedings[.]" *Id.* at 668.

Here, Plaintiffs' moving brief mentions but does not specifically address the scienter element. Although Plaintiffs' reply brief contains a scienter discussion, Plaintiffs' evidence is not

2

so one-sided that they must prevail as a matter of law. Plaintiffs and Defendants both point to different deposition testimony and the scienter issue is closely intertwined with witness credibility. As such, the determination is best left to the trier of fact. After reviewing the parties' briefs, 56.1 statements, and construing the evidence in light most favorable to Defendants, the Court concludes that a genuine dispute of material fact exists to preclude summary judgment on Plaintiffs' 10(b) claim.[1]

B.      Plaintiffs' Breach of Fiduciary Duty Claim

Plaintiffs fare no better on their breach of fiduciary duty claim. Plaintiffs' moving brief cites several basic legal propositions then argues that Defendants breached their fiduciary duty by committing insurance fraud. In their reply brief, Plaintiffs note that the complaint was also filed as a derivative claim by the shareholders. Plaintiffs assert that the second amended complaint contains claims for Defendants' conduct in submitting a false group health insurance application which exposed shareholders to potential liability of $5,000 per claim for each of the 183 claims filed by Defendant Barrios's son. (Pls.' Reply 12-13.) However, Plaintiffs provided few case citations and sparse analysis. As recognized by the Third Circuit, parties must provide "sufficiently clear argument[s]." *Lesende v. Borrero*, 752 F.3d 324, 336 (3d Cir. 2014) (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)). Otherwise, trial judges would be left "to do counsel's work, creating the ossature for [a party's] argument, and putting flesh on its bones." *Id.* (alterations omitted). After reviewing the parties' briefs, 56.1 statements, and construing the evidence in the light most favorable to Defendants, the Court concludes that Plaintiffs failed to demonstrate an entitlement to summary judgment on their breach of fiduciary duty claim.

---

[1] The Court need not reach the other arguments.

3

The Court finds Defendants' arguments in support of their cross motion superficial and equally unpersuasive. According to Defendants, Popsy permitted Barrios to take out insurance under its name for her sick son as a "humanitarian gesture" because she could not procure insurance individually for him. (Defs.' Opp'n 28.) Defendants argue that there was no intent to defraud the insurance company because the insurance premiums were paid. (*Id.*) Defendants further argue that no one was injured because Ms. Barrios paid the insurance premiums from her personal funds. (*Id.*) Defendants also assert that Plaintiffs lack standing to sue for any purported insurance fraud. (*Id.* at 29.) Defendants' alleged altruism aside, they failed to dispute that Ms. Barrios's son did not work for Popsy. While Ms. Barrios may have paid the insurance premiums, she nevertheless exposed the company to significant liability. Moreover, Defendants failed to adequately address the alleged derivative nature of the complaint. Viewing the inferences in the light most favorable to Plaintiffs, Defendants did not demonstrate their entitlement to summary judgment on Plaintiffs' breach of fiduciary duty claim.

## II.    ORDER

For the reasons set forth above, and other good cause shown,

IT IS on this 30th day of September 2014, **ORDERED THAT**:

Plaintiffs' motion for summary judgment (ECF No. 58) and Defendants' cross-motion for partial summary judgment (ECF No. 68) are both denied.

         _s/ Michael A. Shipp_____
         **MICHAEL A. SHIPP**
         **UNITED STATES DISTRICT JUDGE**

4